IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **FRANKLIN W. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00679 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **ROANOKE CITY POLICE DEPARTMENT,** ) | JUDGE JAMES P. JONES |
| ) | |
| ) | |
| Defendants. ) | |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, Franklin W. Davis, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully arrested, convicted, and imprisoned. After review of the Complaint, I conclude that the action must be summarily dismissed.

The Complaint makes only the following broad assertions:

> I was illegally arrested and charged without proof. My constitutional rights were violated when I was detained without bail for crimes I did not commit.

Compl. 2, ECF No. 1. As relief, Davis seeks monetary damages.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The court shall dismiss such a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face," and although the court must "take the facts in the light most favorable to the plaintiff," the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1]  To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only defendant Davis names in this case is the Roanoke City Police Department (RCPD).  A governmental entity, such as a local police department cannot be held liable under § 1983 automatically for actions taken by its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690.

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

> Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens. Outside of such formal decisionmaking channels, a municipal custom may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law.

*Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Moreover, the plaintiff must show that

> a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. Thus, municipal liability will attach only for those policies or customs having a specific deficiency or deficiencies . . . such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run.

*Id.*

I conclude that Davis has not stated facts suggesting that any policy promulgated and enforced by the RCPD caused the adverse events that he alleges — being arrested, charged, and detained for crimes he did not commit. More specifically, the Complain includes no facts showing that a policy or custom of the RCPD had a "deficiency or deficiencies" that caused the violations of which Davis complains in any respect. *Id.* Rather, Davis merely asserts that unlawful actions and deprivations of his rights occurred without any factual matter to support those assertions. The court "need not accept as true" such unsupported conclusions. *Giarratano*, 521 F.3d at 302. Accordingly, Davis has not alleged facts stating any actionable § 1983 claim against the only defendant he has named — the RCPD.

For the stated reason, I will dismiss this civil action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED: February 8, 2023

/s/  JAMES P. JONES
Senior United States District Judge